**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Rosalio Walker, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   12 C 6213 |
| Lighthouse Recovery Associates, LLC, a Colorado limited liability company, and United Debt Holdings, LLC, a Delaware limited liability company, | ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**CLASS ACTION COMPLAINT**

Plaintiff, Rosalio Walker, individually, and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violation of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.     Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendants transact business here.

**PARTIES**

3.     Plaintiff, Rosalio Walker ("Walker"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendants attempted to collect a

delinquent consumer debt, which was allegedly owed for a Sony Financial account.

4. Defendant, Lighthouse Recovery Associates, LLC ("Lighthouse"), is Colorado limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant Lighthouse operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Lighthouse was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Although it conducts business in Illinois, Defendant Lighthouse is not authorized to do so, see, record from the Illinois Secretary of State, attached as Exhibit A.

6. Moreover, although Defendant Lighthouse acts as a collection agency in Illinois, it is not licensed to do so, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B.

7. Defendant, United Debt Holdings, LLC ("United"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Defendant United operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant United was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

8. Defendant United is a bad debt scavenger that buys up large portfolios of delinquent consumer debts for pennies on the dollar, which it then seeks to collect through other debt collectors, like as Defendant Lighthouse.

**FACTUAL ALLEGATIONS**

9. Mr. Walker fell behind on paying his bills, including a debt he allegedly owed for a Sony Financial account. At some point in time after the Sony Financial account became delinquent, it was allegedly acquired by Defendant United, which began trying to collect upon it by having Defendant Lighthouse send Mr. Walker an initial form collection letter, dated January 19, 2012. A copy of Defendants' letter is attached as Exhibit C.

10. However, before trying to collect debts in Illinois, Defendant Lighthouse was required by the Illinois Collection Agency Act, 225 ILCS § 425/1, et seq., to be licensed as a collection agency. Defendant Lighthouse is not licensed as a collection agency in Illinois. Unlicensed collection activities violate the Collection Agency Act and constitute a misdemeanor. See, LVNV Funding, LLC v. Trice, 952 N.E. 2d 1232, 352 Ill. Dec. 6 (Ill.App.Ct. 1st Dist. 3rd Div. 2011).

11. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**Violations Of § 1692e and § 1692f Of The FDCPA --
False, Misleading or Deceptive Statements and
Use of Unfair or Unconscionable Collection Means**

13. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading means in connection with the collection of any debt, see, 15 U.S.C. § 1692e, while §1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f(1).

14. Defendant Lighthouse's attempting to collect upon defaulted consumer debts in Illinois, when it was unlicensed and had no right to do so, and Defendant United's assistance/use of Lighthouse's illegal, unlicensed collection actions, was both false deceptive and misleading, and unfair or unconscionable, in violation of § 1692e and § 1692f of the FDCPA.

15. Defendants' violations of § 1692e and § 1692f of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**CLASS ALLEGATIONS**

16. Plaintiff, Rosalio Walker, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Illinois from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a Sony Financial/United account, via the same form collection letter (Exhibit C), that Defendants sent to Plaintiff, from one year before the date of this Complaint to the present. This action seeks a finding that Defendants' unlicensed collection actions violate the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

17. Defendants Lighthouse and United regularly engage in debt collection, using the same form collection letter they sent Plaintiff Walker, in their attempts to collect delinquent consumer debts from other consumers.

18. The Class consists of more than 35 persons from whom Defendants Lighthouse and United attempted to collect delinquent consumer debts by sending other consumers the same form collection letter they sent Plaintiff Walker while Lighthouse was unlicensed.

19. Plaintiff Walker's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

20. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

21. Plaintiff Walker will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because

Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Walker has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Rosalio Walker, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Walker as Class Representative of the Class, and his attorneys as Class Counsel;

3. Find that Defendants' form collection letter violates the FDCPA;

4. Enter judgment in favor of Plaintiff Walker and the Class, and against Defendants Lighthouse and United, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Rosalio Walker, individually and on behalf of all others similarly situated, demands trial by jury.

    Rosalio Walker, individually and on
    behalf of all others similarly situated,

    By: /s/ David J. Philipps
    One of Plaintiff's Attorneys

Dated: August 7, 2012

6

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com